Gary J. LEMOINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–00559–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 8, 2002.

Rehearing Overruled Sept. 19, 2002.

Michael T. Kiesel, Harlingen, for appellant.

Juan A. Guerra, Dist. County Atty., Raymondville, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Gary J. Lemoine, was charged by indictment with the felony offenses of theft and misapplication of fiduciary property. A jury found him guilty of both offenses and assessed his punishment at eight years imprisonment and a $20,000.00 fine. In four issues, appellant contends the evidence is insufficient to support his convictions and the trial court erred in denying his motion for directed verdict and plea to the jurisdiction. We reverse the trial court's judgment and render judgment that appellant be acquitted of both counts alleged in the indictment.

### A. BACKGROUND

On or about September 15, 1998, Hollis Swanberg ("Swanberg") sold 1,521 bales of cotton to Chuck Crowley ("Crowley"), a Cameron County cotton broker, for $0.6551 a pound (total amount of approximately $460,000.00). The cotton was farmed and stored in Willacy County.

Crowley sold the 1,521 bales to appellant in Cameron County for an unspecified amount. Appellant then sold the bales to several parties ("the buyers") from other states. On or about September 18, 1998, the buyers paid appellant in Cameron County for the cotton. Appellant paid a portion of this money to Crowley in Cameron County. Crowley never paid Swanberg for the cotton. The buyers later took possession of the cotton in Willacy County.

In the first count of the indictment, the State alleged that appellant:

on or about the 18th day of September, 1998, ... in the County of Willacy and State of Texas, did then and there intentionally, knowingly, or recklessly misapply property the defendant held as a fiduciary, to-wit: United States currency of the value of $200,000.00 or more, by

paying said property to persons other than the owner, to-wit: Swanberg Farms Partnership or its agent(s), and said misapplication was done in a manner that involved substantial risk of loss of said property to said owner.

In the second count of the indictment, the State alleged that appellant:

on or about the 18th day of September, 1998, ... in the County of Willacy and State of Texas, did then and there unlawfully, intentionally, and knowingly appropriate property, to-wit: United States currency in the amount of $200,000.00 or more, without the effective consent of the owner, Swanberg Farms Partnership, with the intent to deprive said owner of said property.

### B. Venue

In his first issue, appellant contends the trial court erred in overruling his motion for directed verdict on the issue of venue because the record contains no evidence that he committed the offenses in Willacy County. Appellant asserts that article 13.18 of the code of criminal procedure is controlling in this case.

The State argues that venue is proper in Willacy County pursuant to articles 13.01, 13.08, and 13.17 of the code of criminal procedure.

### 1. Standard of Review

■ A challenge to the denial of a motion for directed verdict is actually a challenge to the legal sufficiency of the evidence. See Madden v. State, 799 S.W.2d 683, 686 (Tex.Crim.App.1990); Nam Hoai Le v. State, 963 S.W.2d 838, 841 (Tex.App.-Corpus Christi 1998, pet. ref'd). When we review a legal sufficiency of the evidence issue, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rosillo v. State, 953 S.W.2d 808, 811 (Tex.App.-Corpus Christi 1997, pet. ref'd).

■ If a rational juror could have found by a preponderance of the evidence that venue is proper, we must affirm. Jackson, 443 U.S. at 318–19, 99 S.Ct. 2781; see Tex.Code Crim. Proc. Ann. art. 13.17 (Vernon 1977). If no evidence of proper venue exists, we must reverse and acquit. Jones v. State, 979 S.W.2d 652, 659 (Tex.Crim. App.1998).

### 2. Article 13.01

The State argues that venue is proper in Willacy County pursuant to article 13.01 of the code of criminal procedure. Article 13.01 provides, in relevant part:

**Art. 13.01. Offenses committed outside this State**

Offenses committed wholly or in part outside this State, ... may be prosecuted in any county in which the offender is found or in any county in which an element of the offense occurs.

Tex.Code Crim. Proc. Ann. art. 13.01 (Vernon 1977).

■ Appellant was indicted for the theft and misapplication of United States currency in the amount of $200,000.00 or more. Appellant could neither steal nor misapply the currency until he actually received it. Tex. Pen.Code Ann. §§ 31.03(a), 32.45(b) (Vernon 1994 & Supp. 2002). After reviewing the entire record, we conclude that no part of these offenses took place outside Cameron County. The record clearly shows that appellant received the currency in Cameron County. The currency remained in Cameron County until appellant paid Crowley a portion of the funds. Appellant paid Crowley in Cameron County. Because no part of

these offenses occurred outside the State of Texas, we hold that article 13.01 of the code of criminal procedure does not apply in this case.

### 3. *Article 13.08*

The State argues that venue is proper in Willacy County pursuant to article 13.08 of the code of criminal procedure. Article 13.08 provides:

**13.08. Theft**

Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same.

Tex.Code Crim. Proc. Ann. art. 13.08 (Vernon 1977).

■ The currency remained in Cameron County from the time appellant received it until it was disbursed. Because appellant did not remove the currency to Willacy County, we hold that article 13.08 does not apply in this case. *See Jones,* 979 S.W.2d at 655.

### 4. *Article 13.17*

The State argues that venue is proper in Willacy County pursuant to article 13.17 of the code of criminal procedure. Article 13.17 provides, in relevant part:

**Art. 13.17. Proof of Venue**

In all cases mentioned in this Chapter, the indictment ... may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue.

Tex.Code Crim. Proc. Ann. art. 13.17 (Vernon 1977).

■ The State contends that venue is proper in Willacy County because the cotton remained there throughout the transactions. However, the State did not allege in the indictment that appellant stole or misapplied the cotton. The indictment alleges that appellant stole "United States currency in the amount of $200,000.00 or more" and misapplied "United States currency of the value of $200,000.00 or more."

Because the cotton is not the property alleged in the indictment, we conclude its location is irrelevant. Because the alleged theft and misapplication of the currency did not occur in Willacy County, we hold that article 13.17 does not apply in this case.

### 5. *Article 13.18*

■ Appellant contends that article 13.18 of the code of criminal procedure is controlling in this case. We agree. Article 13.18 provides:

**Art. 13.18. Other offenses**

If venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed.

Tex.Code Crim. Proc. Ann. art. 13.18 (Vernon 1977). The evidence in the record shows that all actions involving the currency occurred in Cameron County. We conclude that venue is proper only in Cameron County.

### C. Conclusion

We have found no evidence in the record that venue is proper in Willacy County. Accordingly, we sustain appellant's first issue. In light of our disposition of this issue, it is not necessary to address appellant's remaining issues. *See* Tex.R.App. P. 47.1.

We reverse the trial court's judgment and render judgment that appellant be acquitted of both counts alleged in the indictment.