NO. 12-02-00190-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS 


JEROME ALLEN RUMAGE
§
 APPEAL FROM THE COUNTY 

APPELLANT


V.
§
 COURT AT LAW IN AND FOR


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Jerome Allen Rumage ("Appellant") appeals his conviction for driving while intoxicated
after a trial by jury. The jury sentenced him to 120 days of confinement and assessed a fine of
$2,000. We affirm.


Background

 Late in the evening of July 8, 2000, Appellant drove his extended cab pickup truck to the
Dairy Queen on Fifth Street in Tyler to get a frozen dessert. As he was returning home, he stopped
in the right-hand turn lane at the intersection of Fifth Street and Golden Road and waited for the
traffic light to turn green so he could turn north onto Golden Road. There was conflicting testimony
at trial about whether he used his turn signal, and also about whether he had stopped behind the
white line at the intersection or had stopped his truck so far into the intersection that his rear tires
were on the white line. A server at a local restaurant was driving her Mustang vehicle and squeezed
in beside Appellant between the curb and the legitimate right turn lane. Appellant did not notice the
Mustang beside him, and when the light turned green, he proceeded to turn right. At the same time,
the Mustang also entered the intersection, turning right as well. Because of the length of Appellant's
truck, he cut off the Mustang. The rear panel of the truck struck the front left fender of the Mustang
causing minor damage. 

 The police were called. The driver of the Mustang told the investigating officer that she had
smelled alcohol on Appellant's breath. The officer suspected Appellant of driving while intoxicated,
and administered three field sobriety tests. Based on his evaluation of Appellant's performance, the
officer arrested Appellant for driving while intoxicated. At the jail while being videotaped,
Appellant again performed the field sobriety tests, and performed better on the alphabet test, but still
failed the other tests. Appellant was offered and refused a breath test, but offered to submit to a
blood test.

 Appellant was charged with driving while intoxicated. A jury found him guilty and
sentenced him to 120 days of confinement and a $2,000 fine. In three issues on appeal, Appellant
contends that the evidence is legally and factually insufficient to support the conviction, and that the
trial court erred in failing to grant Appellant's motion for instructed verdict. Appellant's sufficiency
arguments, however, actually focus on the administration and evaluation of Appellant's performance
on various field sobriety tests. The primary testimony regarding Appellant's possible intoxication
is the officer's testimony regarding Appellant's performance on those tests. Appellant contends that
the officer failed to administer the tests in a manner consistent with the guidelines and protocol
established by the National Highway Traffic Safety Administration (NHTSA). As a result, Appellant
contends that the tests, and the officer's evaluation of Appellant's performance of the tests, are
invalid, and therefore cannot constitute legally or factually sufficient evidence to support Appellant's
conviction.


Legal Sufficiency

Standard of Review

 In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000). The trier of fact, here the jury, is the exclusive judge of the credibility of the witnesses and
of the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994); Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury is entitled to draw
reasonable inferences from the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.-
Corpus Christi 1988, pet. ref'd). Likewise, reconciliation of conflicts in the evidence is within the
exclusive province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).
Although an appellate court's analysis considers all the evidence presented at trial, it may not "re-weigh the evidence and substitute [the appellate court's] judgment for that of the jury." King, 29
S.W.3d at 562. The evidence is measured for sufficiency by looking at the elements of the offense
as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997).

Discussion

 The elements of driving while intoxicated are that a person was (1) operating a motor vehicle;
(2) in a public place; (3) while intoxicated. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2002). 
Appellant contested only the third element, whether he was intoxicated.

 Appellant's contention on appeal is that, due to the inexactness in the manner the arresting
officer conducted the field sobriety tests, the officer's conclusions of whether Appellant was
intoxicated as he determined from those tests, and his testimony regarding both the field sobriety
tests and his conclusions, are invalid. As a result, Appellant's argument continues, the officer's
conclusions are insufficient to support a finding that Appellant was intoxicated on July 8, 2000 when
he was driving home from the Dairy Queen.

 We have thoroughly reviewed the testimony of the arresting officer. The officer testified he
was certified to conduct field sobriety tests and had his original training on the tests, as well as
several updates and refresher courses on the field sobriety tests. Further, he testified he was certified
through Texas Commission of Law Enforcement Officer Standards and Education (TCLEOSE) as
an instructor for law enforcement officers and trained other officers to administer these standardized
field sobriety tests.

 The officer testified he initially smelled alcohol on Appellant's breath and noticed his speech
was slurred. The driver of the other vehicle told the officer that she had seen Appellant at the
restaurant where she worked drinking an alcoholic beverage shortly before the wreck. He testified
that those facts, together with Appellant's vehicle accident, led him to conduct the field sobriety
tests. The officer testified he first conducted the horizontal gaze nystagmus ("HGN") test. He
testified that he was looking for three clues for each eye, to determine possible intoxication. He
testified that four or more clues indicate someone is intoxicated, but Appellant had six clues. The
officer conducted the one-leg-stand test, looking for four clues of intoxication: swaying, using arms
for balance, hopping, or putting one's uplifted foot down. He also asked Appellant to count while
doing the test to create a more challenging "divided attention" test. Appellant exhibited three clues
of intoxication: swaying, using his arms for balance, and putting his foot down. He also miscounted. 
Finally, the officer asked Appellant to perform the step-and-turn test. The clues of intoxication he
looked for included not maintaining balance while being instructed, not waiting for instructions to
begin, being unable to walk heel-to-toe while walking a straight line, taking an incorrect number of
steps, using the arms to balance, failing to walk a straight line, and turning improperly. Appellant
swayed during the instructions, did not walk heel-to-toe on four steps one way and three steps the
other, took ten steps rather than nine steps, and turned improperly. The officer then asked Appellant
to recite the alphabet, which he failed to perform correctly. After failing the fourth test, the officer
concluded that Appellant had lost the normal use of his mental and physical abilities due to the
introduction of alcohol in his system, and arrested him for driving while intoxicated. 

 At the jail, almost an hour later, the officer again asked Appellant to perform the same four
tests again, as well as the finger-to-nose test. Appellant demonstrated six clues of intoxication on
the HGN test. He also continued to demonstrate clues of intoxication on the one-leg-stand test and
the step-and-turn test. He did perform the alphabet correctly, but he failed to touch his nose on the
finger-to-nose test. Appellant declined a breath intoxilyzer test, but offered to take a blood test.

 Appellant offered into evidence the officer's manuals for performing the field sobriety tests. 
The manuals go into great detail about how to perform the tests and how to interpret those tests, and
also include summaries of numerous studies supporting the efficacy of the tests. Appellant
contended that the manner in which the officer administered the field sobriety tests undermined their
reliability. Under strong cross-examination, however, the officer testified that he conducted the tests
the way he was taught to do them, that he interpreted the tests the way he was taught to interpret
them, that he followed the standards and procedures he was taught, and that based on his tests, he
believed Appellant was intoxicated. The officer also testified that any variance, such as Appellant
not keeping his head exactly straight ahead during the HGN test, that occurred in the field as he was
conducting the tests, did not affect the reliability of the tests or his conclusions from those tests. 

 After a thorough review of the arresting officer's field sobriety testing of Appellant, we find 
there is sufficient evidence upon which a rational trier of fact could have found the essential elements
of the offense of driving while intoxicated. Therefore, the evidence is legally sufficient to support
the jury finding that Appellant committed the offense of driving while intoxicated. Appellant's first
issue is overruled.


Factual Sufficiency

 When reviewing the factual sufficiency of the evidence, we review all of the evidence, but
not in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). We set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). In conducting our analysis, our duty is to examine the trier of fact's weighing of the evidence. 
Scott v. State, 934 S.W.2d 396, 398 (Tex. App.-Dallas 1996, no pet.). We consider all the evidence
in the record related to an appellant's sufficiency challenge, comparing the weight of the evidence
that tends to prove guilt with the evidence that tends to disprove it. See Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999); Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). Because we consider all the evidence in conducting a factual sufficiency review, we
necessarily consider any reasonable alternative hypothesis raised by the evidence. Richardson v.
State, 972 S.W.2d 384, 387 (Tex. App.-Dallas 1998, no pet.). However, the mere existence of a
reasonable hypothesis does not render the evidence factually insufficient. Id.

 Because the jury is the sole judge of the facts, we must give deference to jury findings. Cain,
958 S.W.2d at 407. However, absolute deference is not the standard. Johnson v. State, 23 S.W.3d
1, 8 (Tex. Crim. App. 2000). The degree of deference we give to jury findings must be proportionate
with the facts which we can accurately glean from the trial record. Id. Our factual sufficiency
analysis can consider only those few matters bearing on credibility that can be fully determined from
the cold appellate record. Id. Unless the appellate record before us reveals that a different result is
appropriate, we must defer to the jury's determination concerning what weight to give contradictory
testimonial evidence. Id. This is because resolution often turns on an evaluation of credibility and
demeanor, and the jury was in attendance when the testimony was delivered. Id. We then accord
this evidence appropriate consideration in the context of our overall analysis. Id. at 8-9. A factual
sufficiency review encompasses the formulations used in both civil and criminal cases. Id. at 11. 
This means that the evidence can be factually insufficient if (1) it is so weak as to be clearly wrong
and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the
available evidence. Id. The court of criminal appeals in Johnson further states:


 [T]he complete and correct standard a reviewing court must follow to conduct a Clewis factual
sufficiency review of the elements of a criminal offense asks whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine confidence in the jury's determination, or the proof of guilt, although adequate when
taken alone, is greatly outweighed by contrary proof.



Id.

 The jury heard the arresting officer's testimony regarding how the tests were performed at
the scene and was able to watch the video of Appellant's performance at the jail. The jury was also
provided copious training manuals for administering various field sobriety tests, and supporting
research. The evidence that can be considered as being against the verdict includes Appellant's
testimony. However, the jury is permitted to accept or reject any or part of the testimony. Losada,
721 S.W.2d at 309; see Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979).

 Applying the appropriate standard of review to the evidence as previously discussed, we find
that the evidence is factually sufficient for the jury to find Appellant guilty as charged. In giving
deference to the jury's verdict, which they reached after hearing the testimony of the arresting officer,
the driver of the other vehicle, and Appellant, and after watching the video of Appellant as he
performed the field sobriety tests in the jail, we cannot say that the evidence of guilt is so weak as
to undermine confidence in the jury's determination or that the proof of guilt, although adequate
when taken alone, is greatly outweighed by contrary proof. Therefore, we overrule Appellant's
second issue.

Failure to Grant Motion for Instructed Verdict

 In his third issue, Appellant contends the trial court erred in failing to grant Appellant's
motion for instructed verdict. A complaint that a trial court failed to grant a motion for instructed
verdict is, in effect, a challenge to the legal insufficiency of the evidence. Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990); Lamina v. State, 85 S.W.3d 385, 387 (Tex. App.-Corpus
Christi 2002, no pet.). Having previously determined the evidence was legally sufficient to support
Appellant's conviction, Appellant's third issue is overruled.


Conclusion

 There being legally and factually sufficient evidence to support the verdict, and the trial court
having properly overruled Appellant's motion for instructed verdict, Appellant's issues are
overruled.

 The judgment of the trial court is affirmed.



 SAM GRIFFITH 

 Justice






 

Opinion delivered August 20, 2003.

Panel consisted of Worthen, C. J., Griffith, J. and DeVasto, J.












(DO NOT PUBLISH)