In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00110-CR
______________________________


MICHAEL RAY ATCHLEY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 20087


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Michael Ray Atchley was tried before a jury for the state jail felony offense of possession of
a controlled substance, namely methamphetamine. At the close of the State's evidence, Atchley
moved for a directed verdict, which the court overruled. The jury returned a verdict of guilty, and
the trial court assessed a sentence of one year in the state jail division of the Texas Department of
Criminal Justice. In his sole point of error, Atchley contends "[t]he trial court erred by failure to
present evidence that the defendant committed the offense in a particular county." We affirm the
judgment of the trial court.
Facts
Â Â Â Â Â Â Â Â Â Â Â Â On April 12, 2001, Officer Jeff Stapleton, of the Bonham Police Department, and Bruce
Caylor, Fire Marshall for Bonham and a certified police officer, detained Atchley based on
information obtained from a confidential informant. When asked "if he would empty his pockets,"
Atchley agreed. Officer Stapleton discovered a small black nylon pouch containing several bags
containing white powder. The Texas Department of Public Safety Crime Laboratory in Garland,
Texas, identified the powder as 0.31 grams of methamphetamine.
Discussion
Â Â Â Â Â Â Â Â Â Â Â Â Atchley argues that failure to introduce evidence of the county in which the crime occurred
leaves a rational jury with no basis on which to convict beyond a reasonable doubt. The State
contends that it was only required to prove the county where the crime occurred by the
preponderance of the evidence and that sufficient evidence exists to meet its burden of proof.
Â Â Â Â Â Â Â Â Â Â Â Â The State is required to prove that the prosecution is being brought in the proper venue. A
district court may try any case in which the offense takes place within the State, but venue must be
proper under Chapter 13 of the Texas Code of Criminal Procedure. Ex parte Watson, 601 S.W.2d
350, 352 (Tex. Crim. App. 1980). The general rule, as stated in Article 13.18 of the Texas Code of
Criminal Procedure, provides that "the proper county for the prosecution of offenses is that in which
the offense was committed." Tex. Code Crim. Proc. Ann. art. 13.18 (Vernon 1977). Because
venue is not an element of the offense, it need not be shown beyond a reasonable doubt. Fairfield
v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). "The State need prove venue only by a
preponderance of the evidence." Murphy v. State, 112 S.W.3d 592, 605 (Tex. Crim. App. 2003);
see also Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 1977). 
Â Â Â Â Â Â Â Â Â Â Â Â Courts of appeals must presume that venue was proven in the trial court unless it was
disputed during the trial or the record affirmatively shows the contrary. Tex. R. App. P. 44.2(c)(1). 
After the State rested, but before the defense rested, Atchley moved for a directed verdict of acquittal
on the ground that venue remained unproven, which is sufficient to dispute venue. See Sander v.
State, 52 S.W.3d 909, 917 (Tex. App.âBeaumont 2001, pet. ref'd). A motion for an instructed
verdict of acquittal specifically challenging the proof of venue timely raises and preserves the issue
for appeal. Black v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983); Lozano v. State, 958
S.W.2d 925, 929 (Tex. App.âEl Paso 1997, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â A point of error complaining about a trial court's failure to grant a motion for directed verdict
is a challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.
Crim. App. 1996). When we review the legal sufficiency of the evidence of venue, we view the
evidence in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the venue proper by a preponderance of the evidence. Lemoine v. State, 85 S.W.3d
385, 387 (Tex. App.âCorpus Christi 2002, pet. ref'd); see Jackson v. Virginia, 443 U.S. 307 (1979);
Murphy, 112 S.W.3d at 605.
Â Â Â Â Â Â Â Â Â Â Â Â At trial, the State presented testimony of Officers Stapleton and Caylor. Stapleton testified
he was working on "a narcotic deal" in his capacity as a Bonham police officer the day Atchley was
arrested. Caylor testified he often acts in the dual capacity of Bonham fire marshall and police
officer for the City of Bonham. On April 12, 2001, Caylor testified he was acting in his law-enforcement capacity. Stapleton testified they detained Atchley in the "1200-block of Albert
Broadfoot." After Atchley had been arrested, he was transported to the Bonham City Jail. State
Exhibit 1, consisting of the laboratory report concerning the drugs, was introduced showing the drug
was sent to the laboratory by certified mail with a return address at the Bonham Police Department. 
The laboratory report was addressed to an officer at the Bonham Police Department. The report
shows the county of the offense as Fannin County. However, neither officer testified that the
offense occurred in Bonham or in Fannin County.
Â Â Â Â Â Â Â Â Â Â Â Â The testimony reveals that the arresting police officers were employed Bonham, Texas, they
transported Atchley to the Bonham Police Department, the drugs were mailed to the laboratory from
the Bonham Police Department, and the laboratory report was addressed to an officer in Bonham. 
It is argued that these facts link this offense to Bonham, Texas, and that we can take judicial notice
that Alfred Broadfoot Street is located in Bonham. In this case, that is not necessary, because the
laboratory report is sufficient direct evidence that the offense occurred in Fannin County. 
Â Â Â Â Â Â Â Â Â Â Â Â A rational jury could conclude that the offense occurred in Fannin County by a
preponderance of the evidence. Accordingly, we hold that the trial court did not err in denying
Atchley's motion for directed verdict and we overrule this contention.
Conclusion
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â December 16, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â December 17, 2003

Do Not Publish



 for him or her. Mendez, 138 S.W.3d at 350. 

 The point of error is overruled. 

Did the trial court err in considering Harvey's prior misdemeanor revocations? 

 Harvey complains that it was error for the trial court to consider, at sentencing, that he had
previously been placed on community supervision for misdemeanor offenses, and that those
supervisions were eventually revoked. Harvey did not raise this complaint to the trial court and,
therefore, it was forfeited. However, if the issue had been preserved, it would not be meritorious. 

 At the June 9 sentencing, Harvey affirmatively stated to the trial court he had no dispute with
the contents of the PSI report (the PSI report does not appear in the record presented to this Court). 
Harvey complains that the PSI report was not filed as an exhibit to the trial record, that the
misdemeanor convictions were not certified, and that the State did not prove the existence of such
extraneous offenses beyond a reasonable doubt as required by Article 37.07, § 3(a)(1). See Tex.
Code Crim. Proc. Ann. art. 37.07, Â§ 3(a)(1) (Vernon 2006). The argument regarding the necessity
to prove prior convictions beyond a reasonable doubt with certified judgments has recently been
addressed by this Court. We explained that the Texas Court of Criminal Appeals in Fryer v. State (3)
held that Article 37.07 gives the trial court explicit authority to consider a PSI report for general
punishment assessment purposes. Bell v. State, 155 S.W.3d 635, 637 (Tex. App.--Texarkana 2005,
no pet.). The Fryer case quoted an opinion in which Presiding Judge Onion opined that following
the amendment to Article 37.07, a PSI report containing otherwise inadmissible evidence could now
be considered even when containing reports of arrests not resulting in final convictions, pending
indictments, and hearsay statements. Fryer, 68 S.W.3d at 632. In the event the defendant believes
that inaccurate information is contained in the PSI report, he or she is allowed to prove that such
information is inaccurate. Bell, 155 S.W.3d at 639. Here, Harvey was asked if he had any objections
to the PSI report; he registered none. 

 Harvey further argues that the criminal convictions were not properly authenticated by the
use of certified copies of the judgments. We explained further in Bell that the statute does not
require that the PSI report contain certified copies of the offenses. "Article 42.12 , Section 9
expressly provides that the PSI should contain the 'criminal and social history of the defendant.'" Id.
at 638; see Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 9 (Vernon 2006). It clearly does not require
offenses contained in the criminal history to be certified. Nonetheless, the trial court is specifically
authorized by statute to consider the contents of the PSI report. Bell, 155 S.W.3d at 638 (citing
Nicolopulos v. State, 838 S.W.2d 327, 328 (Tex. App.--Texarkana 1992, no pet.)). The Texas Court
of Criminal Appeals has very recently held that no specific document or mode of proof is required
to prove prior convictions. See Flowers v. State, No. PD-1081-06, 2007 Tex. Crim. App. LEXIS
428, at *7 (Tex. Crim. App. Apr. 18, 2007).

 Finally, the fact that the PSI report was not filed for record is not erroneous. The statute
appears to prevent a PSI report from being routinely filed with the clerk's records. The report is not
to be disclosed to "any person" unless the defendant pleads guilty or, in writing, authorizes the judge
to inspect the report. Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 9(c). Here, Harvey had entered a
guilty plea and it was proper for the trial court to inspect the report, but there is no requirement in
the statute that the report must be offered into evidence before the trial court may consider it ("after
considering the report . . . he shall forthwith announce his decision in open court as to the
punishment to be assessed"). Tex. Code Crim. Proc. Ann. art. 37.07, Â§ 3(d) (Vernon 2006). The
law provides that the defendant and counsel shall be allowed to read the report and comment on it
or introduce evidence of a factual inaccuracy in the report. Tex. Code Crim. Proc. Ann. art. 42.12,
Â§ 9(e) (Vernon 2006). Here, the record discloses that Harvey and his counsel had reviewed the PSI
report and advised the court that there were no objections to it. We find no error. 


 We overrule this point of error and affirm the judgment of the trial court. 



 Jack Carter

 Justice


Date Submitted: March 27, 2007

Date Decided: April 26, 2007


Do Not Publish

1. 138 S.W.3d 334 (Tex. Crim. App. 2004).
2. 80 S.W.3d 82 (Tex. App.--Fort Worth 2002, no pet.).
3. 68 S.W.3d 628 (Tex. Crim. App. 2002).