NUMBER 13-05-480-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

                                                                                                                     


 

RALPH VALDEZ GARCIA,                                                              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                  Appellee.

                                                                                                                                       

 

    On
appeal from the County Court at Law of Aransas County, Texas.

                                                                                 
                                    

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

 








On June 23, 2005, a jury found appellant guilty of
resisting arrest.[1]  The trial court assessed his punishment at a
$1000 fine and $266 in court costs.  By
one issue, appellant contends the trial court erred in denying his motion for a
directed verdict based upon the State=s failure to prove the element of venue.  We affirm.

Facts

On February 10, 2005, appellant was charged with
resisting arrest.  The indictment alleged
that the offense occurred in Aransas County. 
During the June 22, 2005 trial, Rolando Barrientos, the State=s only witness, testified that he was commissioned
by the Aransas County Sheriff=s Department and that he was dispatched on February
10, 2005, to the scene of the alleged offense. 
However, he never explicitly testified that the offense occurred in
Aransas County.  Prior to the jury=s retirement, appellant=s trial counsel moved for a directed verdict on the
basis that there was insufficient evidence to support the venue element of the
charged offense.  The court denied
appellant=s motion for a directed verdict, and the jury
subsequently found appellant guilty of resisting arrest.  On July 18, 2005, appellant timely filed a
notice of appeal.

 

Issue on Appeal

Appellant contends the trial court erred in denying
his motion for a directed verdict because the State failed to prove the element
of venue in the county of prosecution.

Analysis








Venue in a criminal case need only be proven by a
preponderance of the evidence.[2]  Venue can be established by either direct or
circumstantial evidence.[3]  Venue is sufficient if the jury may
reasonably conclude from the evidence that the offense was committed in the
county alleged.[4]  Courts of appeals must presume that venue was
proven in the trial court, unless it was disputed during the trial or the
record affirmatively shows the contrary.[5]


A challenge to the denial of a motion for a directed
verdict is a challenge to the legal sufficiency of the evidence.[6]  When reviewing the legal sufficiency of the
evidence of venue, we view the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
venue proper by a preponderance of the evidence.[7]  If a rational juror could have found that
venue was proper by a preponderance of the evidence, we must affirm.[8]


The State is required to prove that the prosecution
is being brought in the proper venue.[9]  Article 13.18 of the Texas Code of Criminal
Procedure provides that A[i]f venue is not specifically stated, the proper
county for the prosecution of offenses is that in which the offense was
committed.@[10]








 In this case,
Officer Barrientos testified that he was employed by the Aransas County Sheriff=s Office and was on patrol on the date of the
offense.  He further testified that he
received a dispatch call while Aon the north side of the county. . . approximately
about a mile and a half, two miles near Cavasso Creek on 35.@  Officer
Barrientos also confirmed that he encountered appellant and attempted to arrest
him at or near the location where he was dispatched.  Specifically, he testified that the location
was 1002 West Market, which is inside Aransas County.  Although direct testimony did not establish
venue, sufficient circumstantial evidence was presented for the jury to
reasonably infer that the offense occurred within Aransas County.[11]  Accordingly, we find that the trial court did
not err in denying appellant=s motion for a directed verdict.  Appellant=s
issue is overruled.

Conclusion

Because we have overruled appellant=s sole issue on appeal, we affirm the judgment of
the trial court.

 

                                               
                                                                                                                                                LINDA REYNA YAÑEZ,                                                                                                        Justice

 

 

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

Memorandum opinion delivered and filed

this the 27th day of July, 2006.











[1] 
See Tex. Pen. Code Ann.
' 38.03 (Vernon 2003). 





[2]  See Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005); Black
v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983).





[3] 
See Black, 645 S.W.2d at 790. 





[4]  See Rippee v. State, 384 S.W.2d 717, 718
(Tex. Crim. App. 1964); Sudds v. State, 140 S.W.3d 813, 816‑19
(Tex. App.BHouston [14th Dist.] 2004, no
pet.).





[5] 
See Tex. R. App. P.
44.2(c)(1). 





[6] 
See City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005);
Williams v. State, 937 S.W.2d 479, 482-83 (Tex. Crim. App. 1996); Perales
v. State, 117 S.W.3d 434, 443 (Tex. App.BCorpus Christi 2003, no pet.).  





[7] 
See Lemoine v. State, 85 S.W.3d 385, 387 (Tex. App.BCorpus Christi 2002, pet. ref'd). 





[8] 
See id.





[9]  See Sudds, 140 S.W.3d at 816. 





[10] 
See Tex. Code Crim. Proc. Ann. art. 13.18 (Vernon 2005).





[11] 
See Couchman v. State, 3 S.W.3d 155, 161 (Tex. App.BFort Worth 1999, pet. ref'd).