NUMBER 13-06-204-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALEXANDER JOSEPH HUDZINSKI, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 103rd District Court 

of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 A jury convicted appellant, Alexander Joseph Hudzinski, of two counts of
indecency with a child by exposure. Tex. Penal Code Ann. § 21.11(a)(2)(A) (Vernon
2003). The trial court assessed punishment at six years of imprisonment in the Texas
Department of Criminal Justice--Institutional Division. By three issues, appellant
challenges the legal and factual sufficiency of the evidence and contends his
expectation of privacy was violated. We affirm the trial court's judgment.

I. Background

 On the morning of September 15, 2005, twin fifteen-year-old sisters, S.J. and
S.R.J., were walking to their school. As the girls walked next to the entrance of a
vacant wooded area, S.J. heard the sound of breaking branches and turned. She
saw appellant standing naked from the chest down, wearing a tee-shirt on his head,
and touching his penis and moaning. S.J. told her sister to run. S.R.J. then looked
and saw appellant naked touching his penis. S.R.J. saw appellant turn his head in
her direction. The girls ran to school and told the counselor that they saw a naked
man masturbating. The counselor called the police. The girls identified appellant as
the man they saw "touching himself," and he was arrested. A jury found appellant
guilty of two counts of indecency with a child by exposure, and the trial court
sentenced him to six years in prison.

II. Legal and Factual Sufficiency

 By his first two issues, appellant contends the evidence is legally and factually
insufficient to prove he committed the crime of indecency with a child by exposure.

A. Standard of Review and Applicable Law

 In a legal sufficiency review, we view the evidence in the light most favorable
to the prosecution to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 318-19 (1979). We do not reevaluate the weight and credibility of the
evidence, whether circumstantial or direct, nor substitute our own judgment for the
trier of fact. Mosley v. State, 141 S.W.3d 816, 821 (Tex. App.--Texarkana 2004, pet.
ref'd); Beckham v. State, 29 S.W.3d 148, 151-52 (Tex. App.--Houston [14th Dist.]
2000, pet. ref'd). Instead, we consider whether the jury reached a rational decision.
Beckham, 29 S.W.3d at 151.

 In a factual sufficiency review, we review the evidence in a neutral light to
determine whether the evidence is so weak that the jury's verdict seems clearly wrong
and manifestly unjust. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006). This Court will not reverse the jury's verdict unless, after considering
conflicting evidence, we can say with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the verdict. Id. at 417.

 The trier of fact is the sole judge of the facts, the credibility of the witnesses,
and the weight given to testimony. See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Beckham, 29 S.W.3d at 151. As such, the trier of fact is free to accept
or reject all or any portion of the witnesses' testimony. See Ozuna v. State, 199
S.W.3d 601, 605 (Tex. App.--Corpus Christi 2006, no pet.).

 We measure the sufficiency of the evidence by the elements of the offense as
defined by the hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.--Corpus Christi 2002,
pet. ref'd).  "Such a charge would accurately set out the law, would be authorized by the
indictment, and would not unnecessarily increase the State's burden of proof." Malik, 953
S.W.2d at 240. To convict someone of indecency with a child by exposure, the State
must prove the following elements beyond a reasonable doubt: (1) the child was
within the protected age group (younger than 17 years old) and not the accused's
spouse; (2) the accused exposed his anus or genitals; (3) the accused had the intent
to arouse or gratify the sexual desire of any person; and (4) the accused knew a child
was present. See Tex. Penal Code Ann. § 21.11(a)(2)(A). 

B. Analysis 

 By his first and second issues, appellant challenges the evidence as legally and
factually insufficient to support his conviction of indecency with a child. Specifically,
appellant complains the State failed to prove the fourth element beyond a reasonable
doubt--the accused knew a child was present. See id. Appellant argues that the
evidence is legally and factually insufficient because neither S.J. nor S.R.J. knew
whether his eyes were open when he was masturbating. Appellant asserts the
evidence that he knew of the girls' presence consisted "wholly of the opinion of two
young girls." He contends this opinion testimony was legally insufficient because it
was speculative and did not give the jury contradictory evidence to weigh. We
disagree. 

 After viewing the evidence in the light most favorable to the prosecution, we
conclude the jury reached a rational decision. See Beckham, 29 S.W.3d at 151. The
jury could have inferred appellant knew that the girls were present from his conduct,
remarks, and the circumstances surrounding his acts. Turner v. State, 600 S.W.2d
927, 929 (Tex. Crim. App. 1980). Here S.J. and S.R.J. testified to the following: they
were walking along a street leading to a junior high school at about 7:30 a.m.; S.J.
heard branches as if someone were stepping on them; when the girls saw appellant,
he was standing in an unpaved driveway to a vacant semi-wooded lot which was
located on the way to a school; appellant was completely naked from the neck down
(including no shoes or socks), except for a tee-shirt covering the top of his head; S.J.
and S.R.J. walked directly in front of appellant; while standing about five steps away
from appellant, S.J. saw him and told her sister to run; appellant turned toward S.R.J.
when she looked at him; appellant looked in the girls' direction; appellant was
standing and masturbating by a street where there "was a lot of traffic"; and S.J.
agreed that appellant was not standing behind any bushes. S.J. testified appellant
pointed his face in her direction, and S.R.J. stated, "He was facing me" and "He had
his eyes open." 

 Given the evidence, the jury could have inferred that appellant had his eyes
open--and thus, saw and knew the girls were present. Specifically, given S.J.'s
testimony that she heard the sound of branches "like somebody stepping on them,"
the jury could have rationally concluded that appellant, who happened to be without
shoes and socks, was walking and likely had his eyes open to see where he was
going. Also, if the jury believed he was walking in a wooded lot without shoes or
socks, it could have rationally inferred appellant had his eyes open and knew that S.J.
and S.R.J. were present. See Turner, 600 S.W.2d at 929. Moreover, since there is
testimony that appellant was not more than five steps away from S.J. when she told
her sister to run, that he was facing S.J. and turned toward S.R.J., and that he was
standing on the side of a street leading to a school at 7:30 in the morning, the jury
could have inferred he knew the girls were present. See id. It is unrealistic to suggest
that appellant was not aware of their presence, especially since the evidence shows
he was facing S.J. and S.R.J. and standing about five feet away from S.J. See Wilcox
v. State, 672 S.W.2d 12, 14 (Tex. App.--Houston [14th Dist.] 1984, no pet.) ("As the
appellant was facing the young girls from a short distance away in a clear open area,
it is unrealistic to suggest that he was not aware of their presence."). Viewing the
evidence in the light most favorable to the prosecution, we conclude that the jury
could have found that appellant knew the girls were present. See Jackson, 443 U.S.
at 319. Thus, the evidence was legally sufficient to support his conviction. We
overrule appellant's first issue.

 Having found the evidence legally sufficient, we now decide whether it was
factually sufficient. Appellant relies on evidence that S.J. and S.R.J. testified that they
did not know whether appellant's eyes were open. S.J. testified, "I don't know if he
had his eyes open." But she then answered, "Yes," when asked by defense counsel,
"but were they [appellant's eyes] open or not?" Also, S.J. testified appellant was
"looking at her" and "looking in her direction." S.R.J. testified she could see his face,
and he had his eyes open. Since the jury is the sole judge of the facts and credibility
of the witnesses, it was free to accept or reject any part of the testimony provided by
S.J. and S.R.J. See Beckham, 29 S.W.3d at 151; Ozuna, 199 S.W.3d at 606. 
Therefore, after a neutral review of the evidence, we conclude that the evidence is not
so obviously weak that the jury's verdict seems clearly wrong and manifestly unjust,
and thus, the evidence is factually sufficient. See Watson, 204 S.W.3d at 414-15. We
overrule appellant's second issue.

III. Expectation of Privacy By his third issue, appellant contends "[he] was well within his personal zone
of privacy, especially as a homeless person, such that, in the absence of clear
knowledge of the presence of another, the evidence is factually insufficient for
conviction as his acts were at most only reckless." (emphasis added). Appellant
asserts that his alleged act "was done within the zone of privacy expected in his
world." It appears appellant is asking this Court to apply a different standard to the
"knowing" element of the charged offense for a homeless person. We decline to do
so. 

 Appellant also contends he had a legitimate expectation of privacy "in the
premises he was using." However, without deciding whether appellant's contention
applies under the facts of this case, there must have been an objection in the trial
court. See Mendoza v. State, 552 S.W.2d 444, 450 (Tex. Crim. App. 1977); see also
Tex. R. App. P. 31.1(a) (providing that appellant's trial counsel must make an
appropriate and timely objection or the issue is not preserved for appeal); Briggs v.
State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (en banc) (concluding that even
constitutional error may be waived by the failure to specifically object). Appellant did
not object to the trial court on this basis. Therefore, he has preserved nothing for our
review. 

 In his third issue, appellant also asserts the trial court erred in not granting his
request for a directed verdict. We treat a challenge to a trial court's denial of a directed
verdict as a challenge to the legal sufficiency of the evidence. Williams v. State, 937
S.W.2d 479, 482 (Tex. Crim. App. 1996); Lemoine v. State, 85 S.W.3d 385, 387 (Tex.
App.--Corpus Christi 2002, pet. ref'd); Hime v. State, 998 S.W.2d 893, 896 (Tex.
App.--Houston [14th Dist.] 1999, pet. ref'd). Having already concluded that the evidence
is legally sufficient to sustain the conviction, we need not further address this argument. 
We overrule appellant's third issue.

IV. Conclusion

 We affirm the judgment of the trial court. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 11th day of October, 2007.