NUMBER 13-08-012-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


ALBERT JAMES III, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 252nd District Court of 


Jefferson County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 A jury found appellant, Albert James III, guilty of possession of a controlled
substance (codeine), a third-degree felony. (1) The trial court sentenced appellant to ten
years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. By
two issues, appellant contends that: (1) the evidence is legally insufficient to support his
conviction; and (2) the trial court erred in denying his motion for instructed verdict. The trial
court certified appellant's right to appeal, and this appeal followed. (2) We affirm. 

I. Background


 At trial, Officer Jered Dupree of the Beaumont Police Department testified that on
January 10, 2005, he received a dispatch call regarding a reckless driver. Upon
approaching the reported location, Officer Dupree observed the reported vehicle changing
lanes in a reckless manner without using a turn signal. Officer Dupree stopped the
vehicle. (3) Upon approaching the vehicle, Officer Dupree observed what appeared to be
marihuana on the pickup's console between the driver and the passenger. Officer Dupree
removed appellant from the vehicle, handcuffed him, and placed him in the officer's patrol
car. Next, Officer Dupree searched the passenger, and upon finding drugs, placed him in
the patrol car. Then, Officer Dupree conducted an inventory search of the vehicle. In the
driver's seat, directly where appellant was sitting, Officer Dupree found a reddish
"prescription-looking" bottle containing what was later determined to be cough syrup
containing codeine. Officer Dupree took appellant and the passenger to the police
department for booking.

II. Standard of Review and Applicable Law 


 By his first issue, appellant challenges the legal sufficiency of the evidence to
support his conviction. By his second issue, appellant contends that the trial court erred
in denying his motion for an instructed verdict. Because a motion for an instructed verdict 
is a challenge to the legal sufficiency of the evidence, we address these issues together. (4)

 In conducting a legal sufficiency review, an appellate court must ask whether "'any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt'-- not whether 'it believes that the evidence at the trial established guilt
beyond a reasonable doubt.'" (5) A jury's verdict will be upheld "unless a rational factfinder
must have had reasonable doubt as to any essential element." (6) We do not reevaluate the
weight and credibility of the evidence, and we do not substitute our own judgment for that
of the trier of fact. (7) We resolve any inconsistencies in the evidence in favor of the
judgment. (8) 

 A person commits an offense if the person knowingly or intentionally possesses a
controlled substance in Penalty Group 4, unless the person obtained the substance
pursuant to a valid prescription. (9) To prove possession of a controlled substance, the State
must show that the accused: (1) intentionally or knowingly exercised control, management,
or care over the substance; and (2) knew that the substance was contraband. (10) However,
"[w]hen an accused is not in exclusive possession and control of the place where
contraband is found, it cannot be concluded he had knowledge or control over the
contraband unless there are additional independent facts and circumstances that
affirmatively link him to the contraband." (11) A link between the accused and the contraband
may be established by the following nonexclusive list of factors: (1) the contraband was

in plain view; (2) the accused owned the premises or had the right to possess the place
where the contraband was found; (3) the accused had a large amount of cash when found;
(4) the accused's access to the contraband; (5) the accused's close proximity to the
contraband; (6) there was a strong residual odor of the contraband; (7) the accused
possessed other contraband when arrested; (8) paraphernalia to use the contraband was
present on the accused or in plain view; (9) the accused was under the influence of
narcotics when arrested; (10) the accused's conduct indicated a consciousness of guilt;
(11) the accused attempted to escape or flee; (12) the accused made furtive gestures; (13)
the accused had a special connection to the contraband; (14) conflicting statements about
relevant matters were made by the occupants of the place where the contraband was
found; (15) the accused made incriminating statements connecting himself to the
contraband; (16) the quantity of the contraband; and (17) the accused was observed in a
suspicious area under suspicious circumstances. (12) The sufficiency of links is not based
on the number of factors established, but on the logical force of all the circumstantial and
direct evidence. (13)

III. Discussion 


 In his challenge to the legal sufficiency of the evidence supporting his conviction,
appellant specifically contends that he was not in exclusive possession of the premises in
which the codeine was found. In addition, appellant contends that the State did not prove
that the codeine allegedly possessed by appellant belonged to Penalty Group 4. We find
both of appellant's arguments to be without merit.

 Appellant argues that because Officer Dupree did not find the codeine until after
appellant and his passenger were removed from the vehicle, "[i]t is reasonable to deduce
that the passenger placed the controlled substance where Dupree located it." Officer
Dupree testified that he found the bottle of codeine "[d]irectly underneath" where appellant
had been sitting in the vehicle. On cross-examination, Officer Dupree admitted that he did
not notice the bottle of codeine when he first removed appellant, but also testified, on re-direct examination, that based on where the bottle was found, he assumed appellant was
sitting on it. Thus, the only factors reflected by the evidence are that appellant: (1) was
driving the vehicle; and (2) was in close proximity to the codeine. 

 With respect to appellant's claim that the State failed to prove the specific penalty
group alleged in the indictment, the State presented the testimony of Emily Escaville, a
forensic analyst with the Jefferson County Regional Crime Laboratory. Escaville explained
the process by which she analyzed the codeine and testified that, based on the level of
codeine in the substance, it belonged in Penalty Group 4. (14) 

 Construing the evidence in the light most favorable to the verdict, (15) we conclude that 
the jury could have found: (1) a link between the codeine and appellant; and (2) that
appellant intentionally or knowingly exercised control, management, or care over the
codeine and knew that the substance was contraband. (16) We also find that, based on
Escaville's testimony, a rational jury could have found that the codeine belonged in Penalty
Group 4. (17) Therefore, the evidence was legally sufficient to support appellant's conviction.

 We overrule appellant's issues and affirm the trial court's judgment. 



 

Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the 

19th day of August, 2010

1. See Tex. Health & Safety Code Ann. §§ 481.105(1), 481.118(c) (Vernon 2010). 
2. This appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. See Tex. Gov't Code Ann. § 73.001 (Vernon 2005). 
3. The officer identified appellant as the driver of the vehicle. 
4. See Lemoine v. State, 85 S.W.3d 385, 387 (Tex. App.-Corpus Christi 2002, pet. ref'd) (citing
Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990)). In his motion for instructed verdict, appellant
argued that the State failed to prove that he possessed codeine as listed in Penalty Group 4. See Tex. Health
 & Safety Code Ann. § 481.105(1) (Vernon 2010). 
5. Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting Jackson v. Virginia, 443 U.S.
307, 318-19 (1979)). 
6. Id. at 518. 
7. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); Beckham v. State, 29 S.W.3d
148, 151 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). 
8. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 
9. See Tex. Health & Safety Code Ann. § 481.118(a) (Vernon 2010). Section 481.105 of the Texas
Health and Safety Code, in relevant part, defines a Penalty Group 4 controlled substance as a substance
containing "not more than 200 milligrams of codeine per 100 milliliters or per 100 grams" and "one or more
nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture, or
preparation valuable medicinal qualities other than those possessed by the narcotic drug alone[.]" Id. §
481.105(1) (Vernon 2010). 
10. Lopez v. State, 267 S.W.3d 85, 91 (Tex. App.-Corpus Christi 2008, no pet.).
11. Lassaint v. State, 79 S.W.3d 736, 740 (Tex. App.-Corpus Christi 2002, no pet.).
12. Lopez, 267 S.W.3d at 92; see Nelson v. State, No. 09-08-503-CR, 2009 Tex. App. LEXIS 6759,
at **5-6 (Tex. App.-Beaumont Aug. 26, 2009, no pet.) (mem. op.) (not designated for publication) (listing
factors). 
13. Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); Lopez, 267 S.W.3d at 92; Lassaint,
79 S.W.3d at 741.
14. See Tex. Health & Safety Code Ann. § 481.105(1) (Vernon 2010).
15. See Jackson, 443 U.S. at 319.
16. See Lopez, 267 S.W.3d at 91. 
17. See Tex. Health & Safety Code Ann. § 481.105(1) (Vernon 2010).