**Donnie Earl WITT, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–06–00233–CR, 10–06–00234–CR.**

Court of Appeals of Texas,
Waco.

Sept. 5, 2007.

Discretionary Review Refused
Jan. 16, 2008.

Richard G. Ferguson, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

In a consolidated trial, a jury convicted Donnie Earl Witt of eleven counts of possession of child pornography and a single charge of aggravated sexual assault of a child. Witt pleaded "true" to enhancement allegations, and the jury assessed his punishment at sixty years' imprisonment for eight of the child pornography convictions, eighty years' imprisonment for the remaining three child pornography convictions, and life imprisonment for the aggravated sexual assault conviction.

In appellate cause no. 10–06–00233–CR (trial court cause no. 2004–637–C), Witt contends in two issues that: (1) the evidence is legally and factually insufficient to sustain the child pornography convictions because the State did not specify which of the photographs admitted in evidence applied to which of the eleven counts in the indictment; and (2) the charge is erroneous because it failed to "link" any particular photograph to any particular count of the indictment. In appellate cause no. 10–06–00234–CR (trial court cause no. 2006–294–C), Witt contends in his sole issue that the State failed to prove venue. We will affirm the convictions in both cases.

## Background

DPS Trooper David Murphy pulled over the Cadillac that Witt was driving for a traffic violation on Interstate 35 just north of Waco. As Trooper Murphy got out of the patrol car, Witt drove away. Murphy pursued Witt for over thirty miles at speeds of as much as 120 miles per hour. Near the end of the pursuit, Murphy observed Witt change places with the front seat passenger. The Cadillac began losing oil (which sprayed on the patrol car) and it eventually pulled to the side of the interstate near Itasca.

The occupants of the Cadillac were ordered to exit the car one at a time. The mother of the complainant K.L. was the driver. Witt exited from the front passenger seat, and K.L. exited from the back seat. K.L. was fourteen years old at that time. During an inventory search, Murphy recovered about ninety Polaroid photographs depicting Witt, K.L., or both. Seventeen of the photographs depict K.L. in the nude. It was later determined that K.L. was pregnant with twins fathered by Witt.

Witt was convicted of evading arrest or detention in a motor vehicle, endangering a child, and fleeing the scene of an accident in Hill County. He was convicted in federal court for production of child pornography. K.L.'s mother was convicted in federal court of aiding and abetting in the possession of child pornography.

## Legal and Factual Sufficiency

Witt contends in his first issue in appellate cause no. 10–06–00233–CR that the evidence is legally and factually insufficient to sustain the child pornography convictions because the State did not specify which of the photographs admitted in evidence applied to which of the eleven counts in the indictment.

In reviewing a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of

fact could have found the essential element beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sells v. State,* 121 S.W.3d 748, 753–54 (Tex.Crim.App. 2003).

■ In a factual insufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State,* 204 S.W.3d 404, 414–15 (Tex. Crim.App.2006).

■ The first eight counts of the indictment allege that Witt possessed photographs of K.L. engaging in sexual conduct by the "actual or simulated lewd exhibition of any portion of the female breast below the top of the areola." *See* TEX. PEN.CODE ANN. § 43.25(a)(2) (Vernon Supp.2006), § 43.26(a)(1) (Vernon 2003). There are at least eight photographs in the reporter's record which meet this definition.[1] The remaining three counts allege that Witt possessed photographs of K.L. engaging in sexual conduct by the "actual or simulated lewd exhibition of the genitals." *Id.* There are at least four other photographs in the reporter's record which meet this definition.[2]

Each item of child pornography found in Witt's possession constitutes a separate offense for which he may be prosecuted. *See Vineyard v. State,* 958 S.W.2d 834, 838 (Tex.Crim.App.1998); *Roise v. State,* 7 S.W.3d 225, 232 (Tex.App.-Austin 1999,

pet. ref'd). Under the indictment, the photographs must depict the "actual or simulated lewd exhibition" of K.L.'s breast or genitals. Witt argues that, because the photographs were not individually labeled to correspond to the counts in the indictment, he could not "defend against each count regarding 'lewdness.'" We disagree.

We can readily determine that there are at least eight different photographs in the record which support the verdicts on the first eight counts and at least four other photographs which support the verdicts on the remaining three counts. At trial, Witt argued generally that he did not consider any of the photographs to be lewd,[3] but he did not challenge the "lewdness" of any particular photograph admitted in evidence. Nor does he do so on appeal.

Viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Witt possessed eleven items of child pornography as alleged, regardless of whether the photographs admitted in evidence were made to correspond in some fashion to the counts of the indictment.

Witt's factual sufficiency complaint likewise focuses on the State's failure to make the photographs admitted in evidence correspond to the counts of the indictment. We have already determined that the evidence is legally sufficient to support these contentions. The absence of any direct correlation between the photographs admitted in evidence and the counts of the

1. State's Exhibits Nos. 9F (bottom photograph), 9G (both photographs), 9H (both photographs), 9I (top photograph), and 9J (both photographs).

2. State's Exhibits Nos. 9I (bottom photograph), 9L (both photographs), and 9M (sole photograph).

3. Witt's counsel paraphrased Witt's own testimony in closing argument as follows, "We were taking pictures. We're all running around naked half the time and I just took pictures. But I didn't think those pictures were lewd."

indictment does not render the jury's verdict "clearly wrong and manifestly unjust." *See Watson,* 204 S.W.3d. at 414–15.

Therefore, the evidence is legally and factually sufficient. We overrule Witt's first issue.

## Jury Charge

Witt contends in his second issue in appellate cause no. 10–06–00233–CR that the guilt-innocence charge is erroneous because it failed to "link" any particular photograph to any particular count of the indictment. He again argues that this alleged "error" deprived him of the ability to challenge the "lewdness" of any particular photograph.

Witt did not raise this objection at trial. Therefore, he must establish that: (1) the charge is erroneous as alleged; and (2) this error caused him to suffer egregious harm. *Ex parte Smith,* 185 S.W.3d 455, 464 (Tex.Crim.App.2006); *Hanson v. State,* 180 S.W.3d 726, 728 (Tex.App.-Waco 2005, no pet.).

■ We have already determined that the evidence is legally and factually sufficient to support the convictions despite the absence of any direct correlation between the photographs admitted in evidence and the counts of the indictment. If, for example, Witt were charged with the possession of more than one stolen automobile, the indictment and charge would presumably provide sufficient identifying information to differentiate between the automobiles (*e.g.,* make and model and/or vehicle identification number), and the State's evidence would presumably include this identifying information.

Here, such specificity is not required. Rather, we hold that when an indictment charges a defendant with multiple counts of possession of child pornography, the jury charge need not identify any particular photograph admitted in evidence and connect the photograph to any particular count of the indictment.[4]

Therefore, we overrule Witt's second issue.

## Venue

■ Witt contends in his sole issue in appellate cause no. 10–06–00234–CR that the State failed to prove venue on the allegation that he sexually assaulted K.L. Witt challenged venue both in a pretrial motion and at trial. The State responded that venue was proper under articles 13.01, 13.15, and 13.19 of the Code of Criminal Procedure. The jury was charged on all three of these venue provisions.

The parties made a written "Stipulation of Evidence for Venue Hearing" which was offered and admitted during a pretrial hearing on Witt's motion for change of venue (which the court denied). Among the pertinent stipulations regarding venue were the following:

- Witt "began having sexual intercourse" with K.L. in Oklahoma City, Oklahoma when she was thirteen;
- Witt, K.L., and her mother left Oklahoma City in the fall of 2003, when they were about to be evicted;
- they "spent time" in Corpus Christi, Nueces County, Texas; Austin, Travis County, Texas; San Antonio, Bexar County, Texas; Fort Worth, Tarrant County, Texas; Albuquerque, Bernalillo County, New Mexico; Phoenix, Maricopa County, Arizona; Cleveland County, Oklahoma; and Oklahoma

---

4. Of course, no photograph can support more than one count. *See Vineyard v. State,* 958 S.W.2d 834, 838 (Tex.Crim.App.1998); *Roise*

*v. State,* 7 S.W.3d 225, 232 (Tex.App.-Austin 1999, pet. ref'd).

County, Oklahoma until Witt's arrest in March 2004;

- Witt and K.L. "continued to engage in sexual intercourse" when they stayed at these locations; and
- Witt and K.L. "did not, however, ever have sexual intercourse in McLennan County, Texas."

The testimony at trial largely corresponded to these stipulated "venue facts." However, K.L. also testified that Witt and she engaged in sexual intercourse at several rest areas in Texas. She does not know what counties those rest areas were located in.

██ Venue is not an element of the offense. *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981); *State v. Blankenship,* 170 S.W.3d 676, 681 (Tex.App.-Austin 2005, pet. ref'd). Thus, it need be proved by only a preponderance of the evidence. *See* Tex.Code Crim. Proc. Ann. art. 13.17 (Vernon 2005); *Murphy v. State,* 112 S.W.3d 592, 604 (Tex.Crim.App. 2003); *Fairfield,* 610 S.W.2d at 779; *Blankenship,* 170 S.W.3d at 681; *Sudds v. State,* 140 S.W.3d 813, 816 (Tex. App.-Houston [14th Dist.] 2004, no pet.). An appellate court must presume that venue was proved unless it was challenged in the trial court or the record affirmatively shows the contrary. Tex.R.App. P. 44.2(c)(1); *Hernandez v. State,* 198 S.W.3d 257, 268 (Tex.App.-San Antonio 2006, pet. ref'd); *Blankenship,* 170 S.W.3d at 681.

██ In reviewing a challenge to proof of venue, we apply a modified version of the familiar *Jackson v. Virginia* standard for legal sufficiency.[5] Thus, we view all the evidence in the light most favorable to an affirmative venue finding and ask whether any rational trier of fact could have found by a preponderance of the evidence that venue was proved. *See Du-*

*vall v. State,* 189 S.W.3d 828, 830 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd); *Vanschoyck v. State,* 189 S.W.3d 333, 336 (Tex.App.-Texarkana 2006, pet. ref'd); *Lemoine v. State,* 85 S.W.3d 385, 387 (Tex. App.-Corpus Christi 2002, pet. ref'd). *But see Sudds,* 140 S.W.3d at 816 (venue will be upheld "if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged" (quoting *Rippee v. State,* 384 S.W.2d 717, 718 (Tex.Crim.App.1964))). Venue will be upheld if the record contains sufficient evidence to support an affirmative finding under any of the alternative venue provisions on which the jury was charged. *Murphy,* 112 S.W.3d at 605.

The State argues that venue is proper under article 13.19, which provides:

> If an offense has been committed within the state and it cannot readily be determined within which county or counties the commission took place, trial may be held in the county in which the defendant resides, in the county in which he is apprehended, or in the county to which he is extradited.

Tex.Code Crim. Proc. Ann. art. 13.19 (Vernon 2005).

The parties stipulated before trial and K.L. testified that Witt sexually assaulted K.L. in several specific Texas counties other than McLennan County. K.L. also testified that he sexually assaulted her at several rest stops in Texas and that she does not know what counties those rest stops were located in. Thus, the record contains evidence that Witt sexually assaulted K.L. in several known Texas counties other than McLennan County and in several unknown Texas counties. Under these circumstances, article 13.19 applies. *See Murphy,* 112 S.W.3d at 605; *Hood v.*

---

**5.** *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

**400**

*State,* 638 S.W.2d 622, 623–24 (Tex.App.-Dallas 1982, no pet.).

Witt was apprehended in Hill County and subsequently "extradited" to McLennan County to face pending state and federal court charges.[6] Viewed in a light most favorable to an affirmative venue finding, a rational trier of fact could have found by a preponderance of the evidence that venue was proper in McLennan County because Witt sexually assaulted K.L. in unknown Texas counties and because he was extradited to McLennan County. Thus, we overrule Witt's sole issue in appellate cause no. 10–06–234–CR.

Having overruled the issues presented, we affirm Witt's convictions in both cases.

Chief Justice GRAY concurs in the judgment without a separate opinion.

Justice VANCE dissents in part with a note.*

---

**6.** "Extradition" is customarily understood as the interstate or international transfer of an alleged criminal to face charges in the receiving jurisdiction. *See* BLACK'S LAW DICTIONARY 623 (8th ed.2004) (defining "extradition" in pertinent part as "[t]he official surrender of an alleged criminal by one state or nation to another having jurisdiction over the crime charged"); *see also* TEX.CODE CRIM. PROC. ANN. ch. 51 (Vernon 2006) (providing for interstate extradition of fugitives from justice). As used in article 13.19 however, the term necessarily refers to the transfer of alleged criminals from one Texas county to another. *See* BLACK'S LAW DICTIONARY 623 (defining "extradite" in pertinent part as the "surrender or deliver[y of] (a fugitive) to another jurisdiction").

* I join the opinion with respect to Cause No. 10–06–00233–CR. Because I believe that the State failed to prove venue of the aggravated sexual assault charge, I would reverse the judgment in Cause No. 10–06–00234–CR and render a judgment of acquittal. *See Jones v. State,* 979 S.W.2d 652, 659 (Tex.Crim.App. 1998) (affirming judgment of acquittal on appeal); *Lemoine v. State,* 85 S.W.3d 385, 387 (Tex.App.-Corpus Christi 2002, pet. ref'd). *But see Thompson v. State,* 2006 WL 3735072, at *6–7 (Tex.App.-Tyler Dec. 20, 2006, no pet. h.) (non-constitutional harm analysis applied to failure to prove venue); *State v. Blankenship,* 170 S.W.3d 676, 682–83 (Tex.App.-Austin 2005, pet. ref'd) (same). Because Witt objected to venue in the trial court but the majority also affirms that cause, I dissent.