*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00466-CR

Lee **RESENDIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-4080
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:    October 29, 2008

AFFIRMED

Lee Resendiz was charged by indictment with one count of aggravated sexual assault and three counts of indecency with a child. Resendiz pled not guilty. However, after being found guilty by a jury, he pled true to the enhancement allegations in the indictment and was sentenced to life imprisonment. In two issues on appeal, Resendiz contends that (1) venue in Bexar County was improper; and (2) the trial court abused its discretion in admitting into evidence an irrelevant photograph whose prejudicial impact outweighed its probative value. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At the beginning of Resendiz's trial, before the presentation of any evidence, the State made a motion to amend the indictment. The original indictment alleged that the offenses occurred in Bexar County; however, because the State was unable to determine where the offenses occurred, it requested an amendment pursuant to article 13.19 of the Texas Code of Criminal Procedure. Article 13.19 provides that when an offense is committed within the state of Texas and it cannot readily be determined in which county the offense occurred, the trial may be held in the county in which the defendant resides or is apprehended. TEX. CODE CRIM. PROC. ANN. art. 13.19 (Vernon 2005). Because Resendiz both resided in and was apprehended in Bexar County, the State contended venue was proper in Bexar County.

The State then proceeded to present evidence that on February 3, 2006, Resendiz, who was a truck driver, took his seven-year-old nephew, R.R., with him on a trip to Houston. While they were on the road, R.R. got tired and fell asleep in the sleep compartment of the truck. Sometime after he fell asleep, R.R. remembers that Resendiz woke him up and sexually assaulted him. Resendiz returned R.R. to his home the next day, and R.R. reported to family members what had happened. The police were called, and Resendiz was eventually arrested and charged.

At trial, Detective Bruce Wilson testified that, although he thought the offenses occurred in Houston, officials in Houston refused to prosecute the case. According to Detective Wilson, he was not able to determine the specific location where the sexual assault occurred and that it could have happened anywhere between San Antonio and Houston.

During the course of trial, the State offered numerous pieces of evidence, including a photograph marked State's Exhibit 21, which was a picture of three nude children. Resendiz objected

to the admission of the photograph, and the trial court sustained the objection. The photograph marked State's Exhibit 21 is included in the record; however, there is no indication it was ever admitted into evidence or that the jury was allowed to consider it.

Resendiz offered no evidence at trial. The jury deliberated and found him guilty.

### WAS VENUE PROPER IN BEXAR COUNTY?

Resendiz argues that the State failed to establish venue was proper in Bexar County. In response, the State argues that there was sufficient evidence to show that venue was proper in Bexar County pursuant to article 13.19 of the Texas Code of Criminal Procedure.

At trial, before the testimony began, the State amended its indictment in order to allege that it was not able to determine in which county the offenses took place. Article 13.19 provides the following:

> If an offense has been committed within the state and it cannot readily be determined within which county or counties the commission took place, trial may be held in the county in which the defendant resides, in the county in which he is apprehended, or in the county to which he is extradited.

TEX. CODE CRIM. PROC. ANN. art. 13.19 (Vernon 2005).

Venue is not an element of the offense. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981); *Witt v. State*, 237 S.W.3d 394, 399 (Tex. App.—Waco 2007, pet. ref'd). Thus, in criminal cases, venue need only be proven by a preponderance of the evidence. *Witt*, 237 S.W.3d at 399; *Hall v. State*, 124 S.W.3d 246, 250 (Tex. App.—San Antonio 2003, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005) ("To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue."). And, proof of venue may be established through direct or circumstantial evidence. *Hernandez v. State*, 198 S.W.3d 257, 268 (Tex.

App.—San Antonio 2006, pet. ref'd). Further, unless venue was disputed in the trial court or the record affirmatively shows the contrary, we must presume that venue was proved in the trial court. TEX. R. APP. P. 44.2(c)(1); *Hernandez*, 198 S.W.3d at 268. Here, the parties agree that Resendiz disputed venue in the trial court.

In reviewing a venue challenge, we apply a modified version of the standard for legal sufficiency set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Witt*, 237 S.W.3d at 399. That is, we view all the evidence in the light most favorable to an affirmative venue finding and ask whether any rational trier of fact could have found by a preponderance of the evidence that venue was proved. *Witt*, 237 S.W.3d at 399. Thus, in reviewing the evidence, we consider whether the State proved, by a preponderance of the evidence, that venue was proper in Bexar County pursuant to article 13.19. In other words, did the State prove by a preponderance of the evidence that it could not be determined in which county the sexual assault occurred?

Resendiz argues the record shows that the State began the trial by telling the jury it intended to prove the sexual assault occurred in Houston. Specifically, Resendiz points to the State's opening argument:

> On Wednesday, the 22nd of February 2006, there was an article in the *Express-News*. I'll read you the summary of it. A forty-eight-year-old long-haul truck driver was arrested on the charge of sexual assault of a seven-year-old boy while [the boy] slept in the truck *on the way to Houston*, an affidavit said. Lee Resendiz is being held without bond in the Bexar County jail. According to the affidavit, the boy told his mother that he fell asleep in the sleeper portion of the tractor *during a trip to Houston* two weeks ago. . . .

(emphasis added). Although Resendiz urges us to consider this an admission by the State that the sexual assault occurred *in* Houston, the State's argument could just as easily be understood to mean

that the assault happened somewhere on the trip from San Antonio to Houston, but not necessarily *in* Houston. Thus, we decline to read the State's argument as Resendiz suggests.

Resendiz further argues that all the State's witnesses who testified on the issue of venue stated that the incident occurred in Houston. First, Resendiz points to R.R.'s mother's testimony in which she stated that the sexual assault occurred when R.R. was on a trip to Houston with Resendiz. Again, this testimony demonstrates that the incident occurred somewhere on the trip from San Antonio to Houston, but not necessarily *in* Houston.

Next, Resendiz urges that Detective Wilson "repeatedly testified that the investigation revealed that the alleged incidents occurred in Houston," citing to several specific record references. The first of such references is as follows:

Q:    ... then what did you do?

A:    Well, once we compiled everything, we had a good case. Then we basically, from the information we gathered, it happened, what we thought was in Houston, and then we started corresponding with the Houston Police Department.

Q:    Okay. And what were you able to determine?

A:    The Houston Police Department pretty much denied taking the case. They cited [as a reason] that we couldn't give them an actual pinpoint location and that there were multiple jurisdictions within the Houston metro area, so each of those wouldn't be able to accept responsibility.

Resendiz additionally points to the record wherein Detective Wilson testified on cross-examination:

Q:    You were also mentioning how the log books and everything seemed to show that the truck owner, everybody verified that it happened in Houston. You contacted the Houston P.D., also, right?

A:    Yes.

Q:      And they turned this case down?

A:      Yes, sir.

* * *

Q:      But this was a [sic] very good information on your part that it occurred in Houston?

A:      All we know is on a trip from San Antonio to Houston, it could have happened anywhere in between.

Then, on re-direct examination, Detective Wilson testified to the following:

Q:      Detective Wilson, based upon your investigation, you were unable to determine the specific location of where the assault occurred?

A:      Yes, ma'am.

Q:      The specific county?

A:      Yes, ma'am. We had good reason to believe, however, when they denied to take – to take the case, we just proceeded.

Again, on cross-examination, Detective Wilson testified:

Q:      The State keeps mentioning to you about where it occurred. It seems like you have a very good idea it was Houston. You just didn't proceed – you proceeded because Houston turned it down, right?

A:      Yes, sir.

Q:      Not because it wasn't readily known where it occurred, it was readily known because it was Houston, right?

A:      I cannot definitively say, and that was the basis for Houston turning it down. I have a strong suspicion it happened in Houston, but based on that, Houston said no, and we have an avenue through the Code of Criminal Procedure that we could proceed, and we did.

We do not read Detective Wilson's testimony to amount to, as Resendiz urges, "[repeated testimony] that the investigation revealed the incidents occurred in Houston." Although Detective Wilson had a "strong suspicion" the sexual assault happened in Houston and, in fact, contacted Houston officials about taking the case, Houston law enforcement officials declined to take the case *because the actual location could not be determined*. Further, Detective Wilson testified not only that he was unable to determine the specific location of the assault, but further that it could have happened anywhere between San Antonio and Houston. Viewing the evidence in the light most favorable to an affirmative venue finding, we find the evidence sufficient to show that the State could not determine in which county the offense occurred. *See Witt*, 237 S.W.3d at 399.

## WAS THE PHOTOGRAPH ADMITTED AND/OR CONSIDERED BY THE JURY?

In his opening brief, Resendiz contends the trial court erred in admitting a photograph that was irrelevant. He further urged that the photograph's prejudicial effect outweighed its probative value. The photograph, marked State's Exhibit 21, was found in a jacket that was discovered among Resendiz's belongings and depicts three nude children. Neither the jacket nor the photograph was ever proven to belong to Resendiz. In its brief, the State points out that the record shows that the photograph, although offered, was never admitted into evidence. Indeed, the record reflects that Resendiz's objection to the admission of the photograph was sustained, and that the photograph was not admitted into evidence.

In his reply brief, Resendiz, apparently recognizing that the photograph was not admitted into evidence, now argues that it "is clear that Exhibit 21 is included in the appellate record as part of the documentary evidence given to and considered by the jury." We note that the photograph, marked Exhibit 21, is included in the appellate record; however, given that the record affirmatively reflects

the trial court did not admit the photograph into evidence, we must assume the photograph was not given to the jury for its consideration during deliberations.

## CONCLUSION

Finding no error, we overrule Resendiz's issues on appeal and affirm the trial court's judgment.

Karen Angelini, Justice

DO NOT PUBLISH