# Court of Appeals
## Tenth Appellate District of Texas

---

## 10-25-00018-CR

---

Kenneth Scott Dickinson,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2022-2165-C1

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Kenneth Scott Dickinson was convicted of the offense of aggravated sexual assault of a child and sentenced to thirty years in prison. *See* TEX. PENAL CODE ANN. § 22.021. In his sole issue on appeal, Dickinson argues that the State failed to prove by a preponderance of the evidence that the charged offense occurred in McLennan County. We affirm.

PROOF OF VENUE

Chapter 13 of the Code of Criminal Procedure requires the State to prove that the prosecution is brought in the proper venue. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17. The general venue provision of Chapter 13 provides that venue is proper in the county in which an offense was committed. *Id.* at art. 13.18. An appellate court must presume that venue was proven unless it was challenged in the trial court or the record affirmatively shows the contrary. TEX. R. APP. P. 44.2(c)(1); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd). Dickinson concedes that venue was not challenged in the trial court; therefore, our error analysis focuses on whether "the record affirmatively negates whatever proof was made by the State on the matter of venue." *Holdridge v. State*, 707 S.W.2d 18, 21-22 (Tex. Crim. App. 1986).

In reviewing a challenge to proof of venue, we apply a modified version of the familiar *Jackson v. Virginia* standard for legal sufficiency. *Witt v. State*, 237 S.W.3d 394, 399 (Tex. App.—Waco 2007, pet. ref'd).[1] We view all the evidence in the light most favorable to an affirmative venue finding and ask whether any rational trier of fact could have found by a preponderance of the evidence that venue was proven. *Id.* Venue may be proven by direct or

---

[1] *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

circumstantial evidence, and the jury may draw reasonable inferences from the evidence to decide the issue of venue. *Thompson v. State*, 244 S.W.3d 357, 362 (Tex. App.—Tyler 2006, pet. dism'd).

Here, Dickinson was charged with a single count of aggravated sexual assault of a child in McLennan County, Texas by three alternative means: contacting "Jane Doe's" sexual organ with his sexual organ, contacting Jane's anus with his sexual organ, and/or causing Jane's mouth to contact his sexual organ. Jane's trial testimony established that when she was a child, she lived in two different locations with her family. She lived in the Landmark Apartments in Waco until the middle of first grade, and then the family relocated to a residence in China Spring. We take judicial notice, as Dickinson has requested, that Waco is in McLennan County, Texas, and that the specific address of the subject China Spring residence is located in Bosque County, Texas. *See* TEX. R. EVID. 201; *Barton v. State*, 948 S.W.2d 364, 365 (Tex. App.—Fort Worth 1997, no pet.) (recognizing that an appellate court may take judicial notice of geographic facts because they are easily ascertainable and capable of verifiable certainty).

At trial, when asked about the first memory she had of Dickinson "doing something inappropriate to [her] or with [her]," Jane recalled an incident at the Landmark Apartments in Waco. She remembered being on her hands and

knees on the bed while Dickinson applied "some type of ointment on the ring of my butt hole. And he was saying, This will help you heal." Jane did not recall exactly what preceded Dickinson's application of the ointment. The State did not question Jane about any additional specific instances of sexual abuse that may have occurred at the Landmark Apartments.

Jane then testified that she had vaginal intercourse with Dickinson for the first time while living in China Spring, which occurred on multiple occasions. Jane also testified that she performed oral sex on Dickinson several times in China Spring.

At the end of direct examination, the State asked Jane, "Is there anything you feel like the jury needs to know about what you went through that we haven't already talked about?" Jane responded, as relevant here, "Sometimes - - well, more than once, he would shut the bedroom of his door [sic]. I mean, shut the door of his bedroom and he would do anal every now and again. I don't entirely remember how many times. But I do know it was numerous times over the years."

Dickenson argues that the record affirmatively shows that McLennan County was not the proper venue for trial of this offense because the ointment incident – the only specific incident Jane testified to in McLennan County –

does not correspond with any of the manner and means alleged in the charging instrument. We disagree.

Viewing the evidence in the appropriate light, the record does not affirmatively and conclusively demonstrate that McLennan County was an improper venue. The State's question at the end of direct examination was not limited to sexual activity that occurred in the China Spring house in Bosque County. Jane's answer that Dickinson would "do anal every now and again […] numerous times over the years[,]" was also not limited to sexual activity in the China Spring house. When further considered in conjunction with Jane's testimony that Dickinson was putting ointment on her anus in Waco to help her "heal," and that Dickinson "most of the time" engaged in anal sex with her before they ever engaged in vaginal intercourse, we find that the jury reasonably could have found venue by a preponderance of the evidence in McLennan County for anal-to-sexual-organ contact as alleged.

HARMLESS ERROR

Even if the State failed to sufficiently prove venue in McLennan County, we find that the error, if any, was harmless.

Failure to prove venue does not implicate structural or constitutional error. *Schmutz v. State*, 440 S.W.3d 29, 35-39 (Tex. Crim. App. 2014). Venue error is subject to a harm analysis under Rule 44.2(b). *See* TEX. R. APP. P.

44.2(b); *Schmutz*, 440 S.W.3d at 39. Non-constitutional error that does not affect a defendant's substantial rights must be disregarded. *See id.* A criminal conviction should not be overturned for non-constitutional error if, after examining the record as a whole, this Court has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

When considering whether a venue error caused harm to the defendant, we consider whether the venue error inconvenienced the defendant, whether the defendant had notice that he would be prosecuted in the improper county, whether the venue allegation misled the defendant or prevented him from presenting a defense, and whether there was a showing that the jury in the improper county was impartial. *Thompson*, 244 S.W.3d at 365–66. Because venue is not an element of a criminal offense, venue errors typically do not prejudice the jurors' decision making process; even though venue might be improper, the jurors are "still able to properly apply the law to the facts finding proof of all elements" of the offense. *Id.* at 366.

Dickinson acknowledges the framework outlined in *Thompson*; however, he urges us not to consider those factors in our harm analysis. We have previously relied upon the *Thompson* factors in a harmless-error analysis on venue-related error and see no reason to abandon those factors in this case.

*See Westbrook v. State*, 10-19-00119-CR, 2021 WL 3773474, at \*7 (Tex. App.—Waco Aug. 25, 2021, pet. ref'd) (mem. op., not designated for publication). After review of the entire record, we agree with Dickinson's concessions on appeal that "the record contains no indication that the State sought a favorable forum or engaged in venue manipulation. McLennan County lies in proximity to Bosque County. Appellant received timely notice of the venue, and nothing suggests he was impaired in preparing or presenting his defense. Nor does the record indicate that he was misled, denied procedural protections, or subjected to a partial jury."

We have fair assurance that any error in trying the case in McLennan County did not influence the jury, or had but slight effect. Finding the error, if any, to be harmless, we overrule Dickinson's sole issue on appeal.

Accordingly, we affirm the judgment of the trial court.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  February 5, 2026

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do not publish
CRPM

