IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00070-CR

 

Ronald Lamont Guyton,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 0603643-CRF85

 



Opinion on Petition for Discretionary Review



 








            A jury convicted Ronald Guyton of three
counts of possession of cocaine with intent to deliver and assessed his punishment
at fifty years’ confinement for count one, two years’ confinement for count
two, and fifty years’ confinement for count three.  Guyton’s appellate counsel
contends in his sole point that Guyton received ineffective assistance of trial
counsel.  Guyton contends in a pro se supplemental brief that: (1) the
evidence is legally and factually insufficient to prove possession with intent
to deliver; (2) the trial court erred when it failed to inquire into a conflict
of interest between himself and his attorney; and (3) the State failed to give
him timely notice of its intent to use prior convictions for enhancement
purposes.

            On original submission,
this Court reversed the
judgment due to factual insufficiency.  See Guyton v. State, No. 10-07-00070-CR,
2008 Tex. App. LEXIS 8371 (Tex. App.—Waco Nov. 5, 2008).  As authorized by Rule of Appellate
Procedure 50, we issue this modified opinion within sixty days after the State
filed its petition for discretionary review.  Tex.
R. App. P. 50.  On reconsideration of the issues presented, we will
affirm the judgment and withdraw our prior opinion and judgment.  Id.

Background

On the evening of April 26, 2006,
Officers Steve Spillars and Paul Mahoney attempted to stop a white Pontiac that was allegedly operating with a defective headlight.[1] 
The Pontiac did not immediately pull over but continued to travel east on
Highway 21 in Bryan until it turned onto Waco Street.  Spillars testified that,
as the Pontiac began to stop, he got out of the patrol car because he saw the
back door of the Pontiac opening.  Guyton, who was wearing a black baseball
cap, ran from the back door of the Pontiac and was chased by Spillars.  During
the chase, Spillars saw Guyton throw a small object from his right hand.

When Guyton was arrested, he initially
falsely identified himself as Christopher Brice Daniels.  Mahoney then ran
Guyton’s fingerprints through the FBI and DPS databases under the name
Christopher Daniels.  However, when Mahoney took Guyton the fingerprint cards
to sign, he signed his name as Ronald Guyton.  Subsequent investigation
confirmed Guyton’s identity.  When the officers searched Guyton, he was not
carrying any contraband, and
he did not appear to be under the influence of narcotics.

Spillars searched the area and located a
black baseball cap, a food-coloring bottle, and two plastic sandwich bags that
had been tied together.  The contents of the sandwich bags and the
food-coloring bottle were later tested and weighed, and forensic scientist Joel
Budge testified that the bags contained .40 grams of cocaine and 3.57 grams of
ecstasy.  The food-coloring bottle contained 5.15 grams of PCP.

Officer Spillars testified that
possession of less than a gram of cocaine would usually be charged as simple possession. 
He also testified that Guyton was initially charged with simple possession and
not possession with intent to deliver.

Detective Robert Wilson, College Station
Police Department, testified that street-level drug dealers normally carry
enough drugs for only a few sales.  Furthermore, a street-level drug dealer
normally would not document his drug sales on a narcotics ledger, as they
typically operate on a hand-to-hand basis.  Street-level dealers carry a low
amount of product in order to be able to quickly eat, drop, or destroy evidence
if stopped by law enforcement.  He also testified to the perceived effects of
each of the individual drugs Guyton possessed and stated that a typical drug
user would not collectively consume cocaine, ecstasy, and PCP because the drugs
would counteract the effects of each other.  In his opinion, the drugs
possessed by Guyton were for sale and not personal use.

After a jury convicted Guyton on all
three counts of possession with intent to deliver, he filed a motion for new
trial claiming that he did not receive effective assistance of counsel or
adequate notice of a new indictment.[2] 
A hearing was held, the trial court denied the motion, and this appeal
followed.

Pro Se Pleadings  

As an initial matter, we must address Guyton’s
status as a pro se litigant before this Court.  Both Guyton and his
appointed appellate counsel have filed briefs in this matter.  A criminal appellant
has no right to hybrid representation.  Ex parte Taylor, 36 S.W.3d 883,
887 (Tex. Crim. App. 2001); Meyer v. State, 27 S. W.3d 644, 648 (Tex.
App.—Waco 2000, pet. ref'd).  Generally, when an appellant has counsel and
counsel has filed a brief, the appellant has no right to file a pro se
brief.  However, the prohibition on hybrid representation is not absolute.  See
e. g., Warren v. State, 98 S.W.3d 739, 741 (Tex. App.—Waco 2003, pet.
ref’d).  We may consider a pro se brief if the interests of justice
require us to do so.  We have reviewed Guyton’s pro se supplemental
brief and find that the interests of justice require that we address his
issues.  See Williams v. State, 946 S.W.2d 886, 892 (Tex. App.—Waco
1997, no pet.) (appellate court may consider pro se issue in the
interest of justice even though appellant has no right to hybrid
representation).

 

Intent to Deliver

In his first pro se issue, Guyton
challenges the legal and factual sufficiency of the evidence to support a
finding of intent to deliver.

In reviewing a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential element beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v. State, 121 S.W.3d 748,
753-54 (Tex. Crim. App. 2003); Witt v. State, 237 S.W.3d 394, 396-97 (Tex. App.—Waco 2007, pet. ref’d).

In a factual insufficiency review, we
ask whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder's verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Witt, 237 S.W.3d at 397.

Intent to deliver may be established by
circumstantial evidence.  Moreno v. State, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  A
number of factors are relevant to this issue: (1) the nature of the location where the
defendant was arrested; (2) the quantity of drugs the defendant possessed; (3)
the manner of packaging of the drugs; (4) the presence or absence of drug
paraphernalia (for use or sale); (5) whether the defendant possessed a large
amount of cash in addition to the drugs; and (6) the defendant’s status as a
drug user.  Utomi v.
State, 243 S.W.3d 75, 82 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d), cert.
denied, ___ U.S. ___, 128 S. Ct. 2058, 170 L. Ed. 2d 800 (2008); Erskine
v. State, 191 S.W.3d 374, 380 (Tex. App.—Waco 2006, no pet.).  Expert
testimony may also be used to establish intent.  See id.  The “number of factors present is not as
important as the logical force the factors have in establishing the elements of
the offense.”  Moreno, 195 S.W.3d at 326.

Although a large amount of drugs, often
accompanied by police officer/expert witness testimony, can show intent to
deliver, such amounts are not involved here.  Cf., e.g., Pitts v. State, 731 S.W.2d 687, 691-92 (Tex.
App.—Houston [1st Dist.] 1987, pet. ref’d)
(1,025 grams of cocaine); see also Morrow v. State, 757
S.W.2d 484, 487-88 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d) (3,013 grams of cocaine). 
The converse is likewise true, namely, that a small quantity of drugs is not
alone sufficient to establish an intent to deliver.  See Brooks v. State, No.
10-07-00309-CR, 2008 Tex. App. LEXIS 7364, at
*11 (Tex. App.—Waco Oct. 1, 2008, pet. filed) (not designated for
publication).[3] 
Thus, the quantity of drugs
alone cannot establish the requisite intent if the quantity is consistent with
personal use, unless supported by additional evidence.

Here, Guyton possessed 5.15 grams of PCP
(approximately 20 hits), 3.57 gram of ecstasy (approximately 7 tablets), and
.40 grams of cocaine (approximately 1 or 2 rocks).  Spillars and Wilson
testified that this quantity was consistent with a street-dealer amount, but
Spillars admitted that it could also be consistent with personal use.  Standing
alone, these amounts are insufficient evidence of intent; additional evidence
is required.  See Brooks, 2008 Tex. App. LEXIS 7364, at *11.

            The State argues that
additional evidence exists for several reasons: (1) Guyton identified himself
as someone else; (2) Guyton was not in possession of any drug paraphernalia for
either use or sale; (3) Guyton was not under the influence of a narcotic; (4)
Guyton attempted to evade capture and discarded contraband in the process; and
(5) Guyton was found in possession of three different types of drugs.

Guyton responds that the evidence is
legally and factually insufficient because several of the pertinent factors identified
above are not present.  See Brooks, 2008 Tex. App. LEXIS 7364, at *12-13; Hillman v. State, No.
02-03-00171-CR, 2004 Tex.
App. Lexis 3210, at *10-11 (Tex. App.—Fort Worth Apr. 8, 2004, pet.
ref’d) (not designated for publication).[4] 
But as the State correctly
responds, not every factor must be established to prove intent to deliver.  See Moreno, 195 S.W.3d at 326; Brooks, 2008
 Tex. App. LEXIS 7364, at *8.

There is no evidence that Guyton
possessed any small baggies for packaging small amounts of contraband or that
he was doing anything to exhibit an intent to deliver.  There is no evidence
that he had set himself up in a drug house or on a street corner where drugs
were habitually sold.  And there is no evidence that he attempted to pass off
contraband to another person.  This lack of evidence tends to contradict the
jury’s finding of intent to deliver.

By comparison, the evidence relevant to
several of the factors appears consistent with either possession for personal
use or possession for delivery.  This evidence includes: (1) Guyton’s falsely
identifying himself; (2) his attempt to evade capture and discard contraband;
(3) the quantity of the drugs in his possession; and (4) his prior conviction
for possession of a controlled substance.  See Brooks, 2008 Tex. App. LEXIS 7364, at *13.

But there is other evidence supporting
the jury’s finding of intent.  In Brooks, we found the evidence
factually insufficient to prove intent to deliver.  Id. at *12-14. 
However, Guyton’s case is different.  As in Brooks, the State offered
the expert testimony of narcotics officers who testified that the quantity of
drugs in Guyton’s possession was more than a user would normally carry.  Cf.
id. at *4-5.  And as in Brooks, the officers opined that the
defendant’s possession of three different controlled substances was more
indicative of a dealer than a user.  Id. at *12.  But Wilson went further
and discussed the interaction between the various controlled substances in
Guyton’s possession.  He explained that a typical user would not use ecstasy,
cocaine, and PCP together because their effects would counteract each other.[5] 
Cf. Utomi, 243 S.W.3d at 78, 83-84 (upholding conviction for possession
of cocaine, ecstasy, and PCP with intent to deliver).

Viewing the evidence in the light
most favorable to the verdict, the evidence is legally sufficient to
establish possession with intent to deliver.  See Brooks, 2008 Tex. App. LEXIS 7364, at *12; Utomi, 243 S.W.3d at 83; Hillman, 2004 Tex. App. LEXIS 3210, at *9-10.

And viewing the evidence in a neutral light,
as required by the factual sufficiency standard of review, we likewise hold
that the proof of guilt is not so weak or that conflicting evidence so strong
as to render the factfinder's verdict clearly wrong and manifestly unjust.  See
Utomi, 243 S.W.3d at 83-84; see also Watson, 204 S.W.3d at 414-15; Witt,
237 S.W.3d at 397; cf. Brooks, 2008 Tex. App. LEXIS 7364, at *12-14; Hillman, 2004 Tex. App. LEXIS 3210, at *10-11.

Accordingly, we overrule Guyton’s first pro
se issue.

Enhancement Paragraph

            Guyton complains in his
third pro se issue that he did not receive timely notice of the State’s
intention to enhance his punishment with a prior conviction for possession of a
controlled substance.

            This argument was litigated
in Guyton’s motion for new trial hearing.  After hearing all the evidence, the
court entered findings of fact supporting the prosecution’s assertion that
Guyton received constitutionally adequate notice of the State’s intent to
enhance his sentence using a prior conviction.

            A defendant is entitled to
notice of any prior convictions the prosecution intends to use as enhancement
to the sentence the defendant is facing.  Villescas v. State, 189 S.W.3d
290, 294 (Tex. Crim. App. 2006).  These prior convictions used as enhancements
must be pleaded in some form, but they need not be pleaded in the indictment. 
Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).  Although the
notice requirement is constitutional in origin, there is no specific time
period for which notice must be provided.  Villescas, 189 S.W.3d at
294.  “In fact  .  .  ., when a defendant has no defense to
the enhancement allegation and has not suggested the need for a continuance in
order to prepare one, notice given at the beginning of the punishment phase
satisfies the federal constitution.”  Id.

            At the hearing on the motion
for new trial, Guyton’s trial counsel testified that he received the new
indictment containing the enhancement paragraph on December 1, 2006, and knew
on November 17, 2006, prior to the reindictment, that Guyton’s sentence would
be enhanced with his prior conviction.  After he received the new indictment, counsel
informed Guyton that his sentence in the instant case would be enhanced by a
prior conviction.  Counsel also testified that prosecutors informed Guyton on
November 17, 2006, that if he did not accept the plea bargain offered that day,
the State would reindict him and add the prior conviction as an enhancement.

            At the same hearing, a jail
employee testified that Guyton knew that he had been reindicted.  However,
Guyton complained to this employee that he had not received a copy of this new
indictment.  In response, the employee found a copy of the new indictment,
along with a copy of the certificate of service, which did not bear Guyton’s
signature, and showed them to Guyton.  The certificate of service showing
Guyton was served with his new indictment was admitted into evidence.

            Collectively, this testimony
demonstrates that Guyton received adequate notice of the new indictment.  Counsel
demonstrated that Guyton was informed on several occasions prior to trial by
both the prosecutor and his trial counsel that his sentence was going to be
enhanced using the prior conviction.  Thus, the trial court did not err in
finding that Guyton received constitutionally adequate notice.  Webb,
232 S.W.3d at 112.  We overrule Guyton’s third pro se issue.

Conflict of Interest

            Guyton contends in his
second pro se issue that the court
erred when it failed to inquire into a conflict of interest between himself and
his court-appointed counsel.

            Guyton identifies
essentially three instances when he advised the court that there were problems
with the representation.  First, he complained to the court before trial that
he did not feel that his attorney was coming to see him and discuss the case
with sufficient frequency.  Next, he complained to the court during voir dire
that his attorney was “not working with me” and was “siding with the
prosecution.”  And finally, he complained during trial that his attorney was
not asking questions that he wanted the attorney to ask the witnesses.  When
Guyton raised these complaints, the trial court briefly discussed them with
him.

            The trial court has
discretion to determine whether counsel should be allowed to withdraw from a
case.  “However, the right to counsel may not be manipulated so as to obstruct
the judicial process or interfere with the administration of justice.” 
Further, personality conflicts and disagreements concerning trial strategy are
typically not valid grounds for withdrawal.  A trial court has no duty to
search for counsel agreeable to the defendant.

 

King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000)
(quoting Green v. State, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992))
(footnotes omitted); accord Gaines v. State, No. 05-06-00599-CR, 2007
Tex. App. LEXIS 4985, at *2-3 (Tex. App.—Dallas June 27, 2007, pet. ref’d).

            A trial court has an
affirmative duty to conduct a hearing when it becomes aware of an actual
conflict of interest.  Ramirez v. State, 13 S.W.3d 482, 487 (Tex. App.—Corpus Christi 2000), pet. dism’d, improvidently granted, 67 S.W.3d 177
(Tex. Crim. App. 2001) (per curiam) (citing United States v. Greig, 967
F.2d 1018, 1022 (5th Cir. 1992)).  Personality conflicts, disagreements
regarding trial strategy and lack of communication do not ordinarily give rise
to an actual conflict of interest.  See Gaines, 2007 Tex. App. LEXIS
4985, at *3-4 (citing King, 29 S.W.3d at 566).  Here, there was no
reason for the trial court to conclude that an actual conflict existed between
Guyton and his trial attorney.  Thus, the court did not err by declining to
hold a formal hearing to inquire into whether an actual conflict existed.  Id. at *4.  We overrule Guyton’s second pro se issue.

Ineffective Assistance

            Guyton’s appellate counsel
contends in the sole issue presented in counsel’s brief that Guyton received
ineffective assistance of trial counsel because counsel failed to: (1)
adequately investigate the facts and interview potential witnesses; or (2) file
a motion to suppress or seek an article 38.23 instruction regarding the
legality of the traffic stop.


            To prevail on an
ineffective-assistance claim, an appellant must show by a preponderance of the
evidence that: (1) counsel’s performance was deficient and (2) the deficient
performance prejudiced the defense.  Garza v. State, 213 S.W.3d 338,
347-48 (Tex. Crim. App. 2007).  In the context of a claim that counsel was
ineffective for failing to file a motion to suppress, prejudice is established
by showing that such a motion would have been granted.  See Jackson v. State,
973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Hollis v. State, 219 S.W.3d 446,
456 (Tex. App.—Austin 2007, no pet.); Carroll v. State, 56 S.W.3d 644,
649 (Tex. App.—Waco 2001, pet. ref’d).

            We begin with a “strong
presumption” that counsel provided reasonably professional assistance, and Guyton
bears the burden of overcoming this presumption.  See Andrews v. State,
159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is
insufficient to satisfy this burden.  Scheanette v. State, 144 S.W.3d
503, 510 (Tex. Crim. App. 2004); Curry v. State, 222 S.W.3d 745, 754 (Tex. App.—Waco 2007, pet. ref’d).  If nothing in the record reveals the reason for the act
or omission which is the basis of an ineffective assistance complaint, we may
not speculate on that reason.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Curry, 222 S.W.3d at 754; Hajjar v. State,
176 S.W.3d 554, 567 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).

            Here, Guyton’s trial counsel
answered questions at the hearing on the motion for new trial about the complaints
Guyton raises on appeal.  With regard to investigating the facts of the case,
Guyton’s primary complaint is that his trial counsel failed to talk with
Shredick Davis, a passenger in the white Pontiac from which Guyton fled, or
call him as a witness.  Counsel explained that he did not consider Davis to be a credible witness because he was himself found to be in possession of
marijuana on the occasion in question.  Counsel provided a strategic basis for
not calling Davis as a witness.  Although Davis may have supported French’s
testimony that both headlights were operating on the occasion in question, we
are not in a position to second-guess counsel’s concerns about Davis’s credibility.  See State v. Morales, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008).  Thus, Guyton has failed to overcome the strong presumption that
counsel provided reasonably professional assistance with regard to counsel’s
decision to not call Davis as a witness.

            Counsel was also questioned
about his decision to not file a motion to suppress or request an article 38.23
instruction in the charge with regard to whether the officers had a lawful
basis for the traffic stop.  See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).  Counsel testified that the stated basis for the traffic
stop was a defective headlight.  However, French testified at trial that both
of her headlights were working that night.  Counsel’s responses on direct and
cross-examination suggest that he did not pursue these issues because he did
not believe that Guyton had standing to challenge the stop of the car.[6]

            We assume without deciding
that the evidence raises a fact issue regarding the basis for the stop and that
counsel could have litigated the constitutionality of the stop in a pretrial
suppression hearing and/or via an article 38.23 instruction to the jury.  See
Holmes v. State, 223 S.W.3d 728, 731 (Tex. App.—Houston [14th Dist.] 2007)
(lawfulness of seizure may be challenged by: (1) pre-trial suppression motion;
(2) trial objection; or (3) raising fact issue under article 38.23), aff’d,
248 S.W.3d 194 (Tex. Crim. App. 2008).

            However, Guyton must also
establish that he was prejudiced by counsel’s failure to pursue these issues.  Garza,
213 S.W.3d at 347-48.  This means that Guyton must establish by a preponderance
of the evidence that a suppression motion would have been granted or the jury
would have found in his favor under article 38.23.  See Jackson, 973
S.W.2d at 957; Hollis, 219 S.W.3d at 456; Carroll, 56 S.W.3d at
649.

            Because Guyton can establish
only the existence of a fact issue, we cannot say with any confidence that a
pretrial motion to suppress would have been granted or that the jury would have
found in his favor under article 38.23.  See Bollinger v. State, 224
S.W.3d 768, 779-80 (Tex. App.—Eastland 2007, pet. ref’d).  Thus, Guyton has not
established that he was prejudiced by counsel’s failure to file a suppression
motion or seek an article 38.23 instruction.  See Jackson, 973 S.W.2d at
957; Hollis, 219 S.W.3d at 456; Carroll, 56 S.W.3d at 649.

            For these reasons, we
overrule the sole issue presented in the brief filed by Guyton’s counsel.

We affirm the judgment.[7]

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

            (Chief
Justice Gray concurring)

Affirmed

Opinion delivered
and filed February 6, 2009

Do not publish

[CRPM]









[1]               Christi French, the Pontiac’s driver, testified at trial that the headlights on the Pontiac were working
properly.





[2]               Guyton was originally
charged by indictment on July 13, 2006.  He was then reindicted on December 14,
2006.  The only change in the new indictment was the addition of an enhancement
paragraph alleging a prior conviction for possession of a controlled
substance.  The effect of the enhancement paragraph was to enhance the minimum
range of punishment on count one to 15 years to 99 years.  Count three was
enhanced to a first degree punishment range, and there was no effect of the
punishment range on count two.





[3]               When police in a bar
approached Brooks, he
tried to escape and threw two clear plastic bags towards a pool table.  Brooks v. State,
No.
10-07-00309-CR, 2008 Tex. App. Lexis 7364, at *2-3 (Tex. App.—Waco Oct. 1, 2008, pet. filed) (not designated for publication).  One of the plastic bags
contained 4.72 grams of cocaine and an unspecified quantity of ecstasy pills,
while the other contained an unspecified quantity of marihuana.  Id. at *3-4.  An
expert testified that it is unusual for a user to carry three different types
of narcotics.  We found the evidence legally, but not factually, sufficient
because there existed no evidence of any other circumstances tending to prove
intent, such as “evidence that Brooks possessed an excessive amount of cash;
that the drugs were packaged in a manner indicating intent to sell; that Brooks
possessed paraphernalia used in sales or transactions involving drugs; that
Brooks was arrested in an area known for drug sales; or that Brooks possessed
any weapons.”  Id. at *12-13.  We note that we issued the opinion in Brooks
after Guyton’s counsel filed his brief in this appeal.

 





[4]               7.5
grams of methamphetamine (comprising 70 “hits” worth $700) were found hidden under
the console of Hillman’s vehicle.  Hillman v. State, No. 02-03-00171-CR, 2004 Tex. App. LEXIS
3210, at *9 (Tex. App.—Fort Worth Apr. 8, 2004, pet. ref’d) (not
designated for publication).  An expert in that case testified that it is unusual for a
user to carry this amount of methamphetamine because dealers commonly make
alterations to their vehicles to hide drugs and users usually carry drugs on their
person.  See id.  The Fort Worth Court found the evidence legally, but
not factually, sufficient because there existed no evidence of any other
circumstances tending to prove intent, such as “evidence that Hillman possessed
an excessive amount of cash; that the drugs were packaged in a manner
indicating intent to sell; that Hillman possessed any baggies, scales, or other
items used in sales or transactions involving drugs; that Hillman was arrested
in an area known for drug sales; that Hillman had any weapons in the car;
or that Hillman tried to evade the police.”  Id. at *10-11.    

 





[5]
              By contrast, the
defendant in Brooks had cocaine, ecstasy, and marihuana.  See Brooks, 2008 Tex. App. LEXIS 7364, at *3.  There are reported cases of
defendants being convicted for the combined possession of these three
substances.  See, e.g., Scott v. State, 825 S.W.2d 521, 522 (Tex. App.—Dallas 1992, pet. ref’d).





[6]
              It appears that
counsel was incorrect in this regard.  See Kothe v. State, 152 S.W.3d 54,
60-61 (Tex. Crim. App. 2004) (passenger has standing to complain of lawfulness
of vehicle stop).





[7]
              In accordance with
Rule of Appellate Procedure 50, the opinion and judgment dated November 5, 2008
are withdrawn, and this opinion and its corresponding judgment are substituted
therefor.  See Tex. R. App. P. 50.